UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHARODD WALKER,

                          Petitioner,

        v.                                                      9:23-CV-0216
                                                               (DNH/CFH)
A. MONTAGARI,

                          Respondent.

_____

APPEARANCES:                                        OF COUNSEL:

SHARODD WALKER
Petitioner, pro se
22-B-5332
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. **INTRODUCTION**

        Pro se petitioner Sharodd Walker ("Walker" or "petitioner") seeks federal habeas relief

pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").[1]

        On February 17, 2023, the action was administratively closed for petitioner's failure to

properly commence it.  Dkt. No. 2, Closure Order ("February Order"), at 1.  Petitioner was

given thirty days leave to properly commence the action by either paying the statutory filing

fee or filing a properly certified in forma pauperis ("IFP") application.  *Id.* at 2.[2]

_____

[1] Citations to the petition refers to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The proper filing fee for a habeas corpus petition is $5.00.  28 U.S.C. § 1914(a).

Petitioner timely complied with the February Order and filed a properly certified IFP application.  Dkt. No. 3, IFP Application; Dkt. No. 5, Text Order (granting application).  The case was reopened.  Dkt. No. 4, Text Order (restoring action to the Court's active docket).

## II. THE PETITION

The present petition is deficient.  Petitioner failed to provide specific information about his underlying state court criminal conviction and sentence apart from the fact that he entered a guilty plea in the Monroe County Court.  The Court's independent research found that petitioner was convicted of second degree criminal possession of a weapon.  *See* Department of Corrections and Community Supervision ("DOCCS") Incarcerated Lookup Website, available at http://nysdoccslookup.doccs.ny.gov (DIN 22-B-5332) (last visited Mar. 3, 2023).  Accordingly, it is presumed that is the criminal conviction which petitioner seeks to challenge in the instant action.

Liberally construing its contents, petitioner appears to argue that he is entitled to federal habeas relief because (1) his Fifth and Fourteenth Amendment rights were violated by the county court committing fraud, waiving his right to a grand jury, and illegally holding petitioner on a superior court information in violation of New York law, Pet. at 2-3; (2) petitioner's counsel was constitutionally ineffective for "st[ealing his] money and . . . violat[ing] all ethic codes," by "conspir[ing] with the District Attorney to violate all of [petitioner's] constitutional rights [and] circumvent[] due process[,]" by "waiv[ing petitioner's] right to a grand jury" and permitting a "falsif[ied] . . . indictment using a superior court information which [petitioner] never signed[,]" *id.* at 3, 5; (3) petitioner's Fourth Amendment rights were violated during his arrest, *id.* at 4; (4) petitioner "was coerced to take a plea under duress and

under false pretenses," *id.* at 5; and (5) his sentence is unconstitutional, *id.*  For a more complete statement of the claims asserted herein, reference is made to the petition.

Petitioner seeks his immediate release and requests the ability to press criminal charges against various parties. Pet. at 3-4. Petitioner also states that "exhausting . . . state [court] remedies . . . is a mitigating circumstance." *Id.* at 6. Liberally construing petitioner's explanation of the alleged fraud from the county court, as well as "the appellate division . . . working as conspirators to this crime by avoiding [petitioner] and filing hollow motions . . . to compel any court to rule in the [respondent's] favor," it appears petitioner argues the exhaustion requirement should be waived. *Id.* at 7.

## III.  DISCUSSION

### A.  Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground.  Although petitioner articulates the purported constitutional violation and facts which support some of his claims for relief, the remainder are categorized by vague and conclusory assertions.  The absence of a factual basis for the myriad of constitutional violations petitioner alleges he suffered renders the pleading deficient.  The Court will not speculate on the grounds, and supporting facts, being advanced by petitioner.  Each ground he wants to raise in this proceeding, **and the facts supporting each ground**, must be set forth in the petition itself.

Thus, petitioner is given leave to file an amended petition within thirty (30) days of the

3

filing date of this Decision and Order to clarify the factual basis underlying his criminal conviction and present claim(s).

## B. <u>Exhaustion</u>

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(I), (ii). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner claims that the statutory exhaustion requirement is a "mitigating circumstance." This Court is unclear what exactly petitioner is attempting to argue; however, it seems petitioner believes the statutory exhaustion prerequisite does not apply to him because he does not trust the state courts. However, petitioner misstates the law. Petitioner is correct that there are limited instances where the exhaustion requirement can be waived. 28 U.S.C. § 2254(b)(1)(A), (B)(I), (ii). However, "conclusory allegations of systematic corruption . . . do not warrant excusing § 2254's exhaustion requirement." *Burke*

4

*v. Pallito*, No. 2:12-CV-0197, 2013 WL 496150, at *4 (D. Vt. Jan. 18, 2013) (citing cases) (internal quotation marks omitted).  "It is well established that a petitioner may not bypass state courts merely because they may be unreceptive to the claim." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *see also Engle v. Issac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.  Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.  Allowing criminal defendants to deprive the state courts of this opportunity would contradict the principles [of comity.]").  Petitioner's conclusory arguments about fraud and collusion, and his anticipated difficulty prevailing with a direct appeal, are unavailing.

Accordingly, petitioner is also given an opportunity, in the amended petition, to clarify either (1) how his claims have been exhausted via state court remedies or (2) the specific reasons why the state corrective process is unavailable to him or identify the circumstances which exist that fail to protect his rights in the direct appeal or collateral state court challenge process.

## IV.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that

1.  Petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose;

2.  **Petitioner shall complete every part of the blank petition, including the**

5

**sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed**;

3. **Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application**;

4. If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so;

5. **If Petitioner alleges that exhaustion of state court remedies was unavailable to him, he must specifically explain how and why he was precluded from those remedies.  Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition;

6. Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference.  He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition;

7. If petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4;

6

8.  Upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review his arguments; and

9.  The Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

IT IS SO ORDERED.

Dated:  March 7, 2023
          Utica, New York.

_____
United States District Judge

7